KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

SARA M. TURNER (admitted *Pro Hac Vice*)
smturner@bakerdonelson.com
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

Attorneys for Defendant
Choice Hotels International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., an individual | Case Number: 5:20-cv-00656-BLF |
| Plaintiff, | **FURTHER JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date:  October 2, 2020 |
| WYNDHAM HOTELS & RESORTS, INC.; CHOICE HOTELS INTERNATIONAL, INC.; G6 HOSPITALITY, LLC, | Time: 10:00 a.m. Ctrm:  Courtroom 3, 5th Floor Judge: Hon. Beth Labson Freeman |
| Defendant(s). | Action Filed: January 29, 2020 Trial Date:  None set. |

In advance of the further Case Management Conference scheduled for October 2, 2020, Plaintiff B.M. ("Plaintiff") and Defendants Wyndham Hotels & Resorts, Inc. ("Wyndham"), Choice Hotels International, Inc. ("Choice"), and G6 Hospitality LLC ("G6" and collectively with Wyndham and Choice, "Defendants") hereby jointly submit this FURTHER JOINT CASE MANAGEMENT STATEMENT to supplement and update the Parties' Joint Case Management Statement and Rule 26(F) Reports filed on September 11, 2020 and July 2, 2020 (ECF 71) (the "July 2 CMC Statement"), attached hereto as Exhibit A. **All updates and supplements are set out in Bold for ease of reference.**

### 1.     Status of Pleadings

On July 30, 2020, the Court entered an order granting in part and denying in part Wyndham's and Choice's Motions to Dismiss (ECF 32 & 49) with leave to amend (ECF 80). On August 31, 2020, Plaintiff filed an Amended Complaint (ECF 82). Defendants' respective responses to the Amended Complaint are due on September 30, 2020. **The Parties have entered into a stipulation extending the time to respond to the Amended Complaint until October 16, 2020.** Wyndham and Choice presently anticipate filing motions to dismiss the Amended Complaint, which shall comply with the Court's page limit restrictions with respect to Defendants Wyndham and Choice. Plaintiff intends to oppose any motion to dismiss.

### 2.     Status of Protective Order

In the July 2 CMC Statement, the Parties identified for the Court an anticipated dispute regarding the use of Plaintiff's identity in this action. Specifically, while Defendants do not oppose Plaintiff proceeding by pseudonym for purposes of pre-trial public filings, Plaintiff has requested a protective order regarding the use of her identity prior to disclosing her identity to Defendants. Defendants are willing to consider such a protective order so long as Defendants have a full and fair opportunity to investigate and defend against Plaintiff's allegations. The Parties anticipate conferring on a protective order in advance of the CMC on September 18, 2020.

**Based on the information provided by the Court at the last CMC with respect to the possibly related criminal case currently pending, the Defendants have conducted a very brief initial investigation into new facts previously unknown.  These new facts lead Defendants to believe that the issues related to the proposed protective order may need to be re-evaluated.  Plaintiff maintains that there is a substantial need to protect Plaintiff's Identity in this civil matter from Plaintiff's trafficker(s) or any known affiliates.  The Parties previously submitted competing proposed protective orders and limited briefing at the instruction of the Court and are working on submitting a single, joint proposed protective order that sets out the differences between the Parties as to specific positions in a highlighted format.  Because of the new facts that have been discovered, Defendants ask for additional time to further their investigation, meet and confer with Plaintiff, and possibly submit a short brief to set forth these new facts and explain their relevance to the Court's consideration of the protective order along with a revised proposal at the appropriate time.  Plaintiff states that no investigation or fact will alleviate the need to protect Plaintiff's Identity from her trafficker(s) or known affiliates as proposed in and anticipated in the parties' initial briefing and proposed orders.  Thus, no new briefing or proposals should be required.**

Defendants also anticipate a commercial protective order will be necessary and will meet and confer with Plaintiff regarding such a protective order.

### 3.    Status of ESI Protocols

**Plaintiff has circulated an ESI Protocol and the Defendants** are presently meeting and conferring regarding the protocol. The parties anticipate a need for the Court's assistance to resolve certain disputes regarding the final form of the protocol.

### 4.    Status of Discovery

The Parties exchanged their initial disclosures on July 13, 2020.  To date, the parties have not conducted any further discovery.

**In light of the pending negotiations regarding the protective order, Plaintiff has not yet disclosed her identity or the identities of her alleged traffickers.  Plaintiff's Counsel argues that there is a need for a protective order to ensure Plaintiff's Identity is protected during the pendency of this litigation.  Defendants also state that Plaintiff has not disclosed any pending criminal matter as part of her initial disclosures and has not included any pending criminal matter in any L.R. 3-12 or 3-13 motions or disclosures.  Plaintiff states that she is unaware of any fact requiring a motion under L.R. 3-12 or 3-13 or otherwise involving the same subject matter <u>and</u> all or substantially all of the same parties, or wherein there is a risk of conflicting results.**

     5.     <u>Case Schedule</u>

In the Parties' July 2 Case Management Statement, the Parties proposed the below case schedule.  However, the Parties understand from the Court's comments at the July 9, 2020 Initial Case Management Conference that the first available date for trial in this action will not be until 2023.  Additionally, while this action has been pending since January 2020, Plaintiff has not yet disclosed her identity to Defendants, limiting their ability to begin investigating Plaintiff's allegations.

**During the Court's Case Management Conference on September 18, 2020, the Court raised the issue of an ongoing criminal matter that contemplates a victim with the same initials as Plaintiff and whether Plaintiff's civil case should be stayed pending the criminal action pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1595(b)(2).**

**Plaintiff proposes and requests that the Court maintain the original proposed schedule until further conference can be had in October following the Motion Hearing on Defendant's Third Motion to Continue Trial and Status Conference set for October 6, 2020 in the pending criminal case before this Court.  Plaintiff disputes whether a continuance of the trial date will be necessary as argued by Defendants, even if a short stay is ultimately ordered.  Therefore, Plaintiff requests preservation of the April 2022 trial date until the status of the pending criminal trial is clear following the October 6,**

2020 hearing.  Plaintiff respectfully requests that the Court hold the April 2023 trial date as well until a further status conference.

Defendants state that Plaintiff brings her claims against Defendants under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which provides "[a]ny civil action filed [] shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim."  18 U.S.C. § 1595(b)(2) (emphasis added).  A "criminal action" under the TVPRA "includes investigation and prosecution and is pending until final adjudication in the trial court."  *Id*. at (b)(2).

Defendants state that without confirmation from Plaintiff's counsel, Defendants cannot conclusively determine if the pending criminal matter is a criminal prosecution of Plaintiff's alleged traffickers.  However, several similarities between the Indictment and allegations in the Amended Complaint raise a strong inference that the actions arise out of the same occurrences.  If so, Defendants contend that a stay of the present civil case is required. (Plaintiff disagrees with this statement.)  As such, while Defendants' scheduling proposal is set out below, if there is an ongoing criminal matter Defendants respectfully request that the case be stayed immediately consistent with the mandatory stay provision of 18 U.S.C. § 1595(b)(2).

| | Original Proposed Schedule in July 2 CMC Statement: | Defendant's Proposed Adjusted Schedule (assuming no stay is imposed): |
| --- | --- | --- |
| Deadline to join additional parties | November 8, 2021 | January 7, 2022 |
| Fact Discovery Cut-Off | June 2, 2021 | February 11, 2022 |
| Exchange of Plaintiff's Primary Expert Reports | July 2, 2021 | March 18, 2022 |
| Exchange of Defendants' Primary Expert Reports | August 6, 2021 | April 22, 2022 |

| Deadline to Complete Expert Depositions | October 1, 2021 | June 17, 2022 |
|---|---|---|
| Deadline to file dispositive and Daubert Motions | November 12, 2021 | August 19, 2022[1] |
| Deadline to Respond to Dispositive and Daubert Motions | December 3, 2021 | September 16, 2022 |
| Deadline to file Reply in Support of Dispositive or Daubert Motions | December 17, 2021 | October 14, 2022 |
| Pre-Trial Conference | March 7, 2022 | March 2, 2023 |
| Trial Commencement* | April 4, 2022 | April __, 2023 |

*Plaintiff requests a trial by jury, and the Parties expect the trial to take approximately 15 court days.

Dated: September 30, 2020

RESPECTFULLY SUBMITTED,

/s/ Kimberly L. Adams
Kimberly L. Adams (*pro hac vice*)
kadams@levinlaw.com
Kathryn L. Avila (*pro hac vice*)
kavila@levinlaw.com
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7056
Facsimile: 850-436-6056

Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)

/s/ David S. Sager
David S. Sager, *pro hac vice*
DLA Piper LLP (US)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T.  973.520.2570
F.  973.215.2604
david.sager@dlapiper.com

Melissa A. Reinckens (Bar No. 314657)
DLA Piper LLP (US)
401 B Street, Suite 1700

[1] If a party files a dispositive motion in advance of this deadline, the parties will comply with the Court's local rules in terms of deadlines to file oppositions and replies unless otherwise agreed by the parties.

jennie@andrusanderson.com
Audrey Siegel (SBN 286771)
audrey.siegel@andrusanderson.com
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474

Erik L. Bauer (*pro hac vice*)
erik@erikbauerlaw.com
Susanna Southworth (*pro hac vice*)
susanna@erikbauerlaw.com
LAW OFFICE OF ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: 253-383-2000
Facsimile: 253-383-0154

Danielle B. Pinter (*pro hac vice*)
dpinter@ncoselaw.org
Benjamin W. Bull (*pro hac vice*)
bbull@ncose.com
National Center on Sexual Exploitation
440 First Street NW, Suite 840
Washington, D.C. 20001
Telephone: 352-266-7989
Facsimile: 202-393-1717

*Counsel for Plaintiff B.M.*

San Diego, California 92101-4297
T.  619.699.2700
F.  619.699.2701
melissa.reinckens@dlapiper.com

Christopher B. Donovan, *pro hac vice*
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T.  713.425.8449
F.  713.425.6040
christopher.b.donovan@dlapiper.com

*Counsel for Defendant*
*Wyndham Hotels & Resorts, Inc.*

| | |
|---|---|
| /s/ Kai Peters<br>Kai Peters, CA Bar No.:198516<br>kpeters@grsm.com<br>GORDON REES SCULLY MANSUKHANI, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 986-5900<br>Facsimile: (415) 986-8054<br><br>Sara M. Turner, admitted *Pro Hac Vice*<br>smturner@bakerdonelson.com<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ<br>Wells Fargo Tower<br>420 20th Street North, Suite 1400<br>Birmingham, AL 35203<br>Telephone: (205) 250-8316<br>Facsimile: 205.322.8007<br><br>*Counsel for Defendant*<br>*Choice Hotels International, Inc.* | /s/ *Shannon E. Dudic*<br>Angela C. Agrusa (Bar No. CA-131337)<br>*angela.agrusa@us.dlapiper.com*<br>Shannon E. Dudic (Bar No. CA-261135)<br>*shannon.dudic@us.dlapiper.com*<br>Alexis N. Burgess (Bar No. CA-279328)<br>*alexis.burgess@us.dlapiper.com*<br>**DLA PIPER LLP (US)**<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, California 90067-4704<br>Tel:    310.595.3000<br>Fax:    310.595.3300<br><br>*Counsel for Defendant*<br>*G6 Hospitality, LLC* |