Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474

*Attorneys for Plaintiff B.M.*
*(Additional Counsel for Plaintiff on Signature Page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| J.M., as the Representative of the Estate of Decedent, B.M.,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC. and CHOICE HOTELS INTERNATIONAL, INC.,<br><br>Defendants. | CASE NO.: 5:20-cv-00656-BLF<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Date:   October 26, 2023<br>Time:   9:00 A.M.<br>Judge:  Hon. Beth Labson Freeman<br>Courtroom: 3, 5th Floor |

i
PL.'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

**NOTICE OF MOTION AND MOTION TO AMEND**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 26, 2023, at 9:00 a.m., or as soon thereafter as counsel may be heard, counsel will appear for a hearing in Courtroom 3 of this Court, located at 280 South 1st Street, San Jose, California 95113, before the Honorable Beth Labson Freeman.

Plaintiff respectfully moves for an Order granting leave to amend Plaintiff's Complaint under Federal Rule of Civil Procedure 15.

This Motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, any reply memorandum that Plaintiff may file, any arguments of counsel, and any other matter that the Court may deem appropriate.

Dated:  June 26, 2023

Respectfully Submitted,

By: */s/ Kathryn L. Avila*
KATHRYN L. AVILA (*pro hac vice*)
kavila@levinlaw.com
LEVIN PAPANTONIO RAFFERTY
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502
Phone: 850-436-6246
Facsimile: 850-436-6271

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff respectfully moves this Honorable Court for leave to file her Second Amended Complaint, *instanter*, pursuant to the Federal Rule of Civil Procedure 15 and Northern District of California Civil L.R. 7. This Court should freely grant leave to amend for three main reasons: (1) to clarify that B.M.'s mother, J.M., as Personal Representative of the ESTATE OF B.M., will be prosecuting this case as a survival action for the ESTATE OF B.M.; (2) to bring a negligence cause of action on behalf of the ESTATE OF B.M.; (3) to bring a wrongful death cause of action on behalf of the ESTATE OF B.M.; and (4) to add additional defendants. Given the procedural posture of this case, no substantial reasons to deny amendment exist.

**II.    PROCEDURAL HISTORY**

B.M. first filed her Complaint on January 29, 2020 against Wyndham Hotels & Resorts, Inc. ("Wyndham"), Choice Hotels International, Inc. ("Choice"), and G6 Hospitality, LLC ("G6")[1] for violations of the Federal Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). ECF No. 1. During the timeframe alleged in her complaint, B.M. was trafficked by four (4) individuals in a criminal conspiracy, all of whom were arrested and charged. On October 2, 2020, this case was stayed pursuant to Section 1595(b) of the TVPRA until "final adjudication in the trial court" of the "criminal action arising out of the same occurrence in which the claimant is the victim." ECF No. 99. One trafficker plead guilty and judgment was entered on October 11, 2022 with an amended judgment entered on December 20, 2022. Case No. 5:16-cr-00150-BLF, ECF No. 756. One trafficker was convicted, tried, and found guilty on October 7, 2022 with an amended judgment entered on December 20, 2022. Case No. 5:16-cr-00150-BLF, ECF No. 757. The last two traffickers have plead guilty and sentencing is scheduled for September 26, 2023. Case No. 5:16-cr-00150-BLF, ECF No. 800.

While this case was stayed and while the criminal process against the traffickers were pending, B.M. tragically died on June 27, 2021. In order to preserve B.M.'s existing claims, J.M. substituted B.M. as the successor in interest. ECF Nos. 118, 121.

---

[1] On July 7, 2022, Defendant G6 was dismissed from the case. ECF No. 125.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the policy to freely give leave when justice requires is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). Leave to amend the complaint is within the sole discretion of the Court, but may be denied where there exist reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

In the Ninth Circuit, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d 1048 at 1052. "Absent prejudice, or a strong showing of any of the *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave." *Id*. A party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013).

### IV. LEGAL ANALYSIS

The Court should freely grant Plaintiff's motion for leave to amend her complaint because all of the *Foman* factors weigh in favor of amendment. Plaintiff's amendment would not prejudice any opposing party as this case was stayed immediately after the court denied Defendants' Motions to Dismiss and has been stayed since October of 2020. Second, Plaintiff's premature death, dismissal of G6 Hospitality, LLC, and new information revealed through the criminal proceedings related to Plaintiff's victimization have given rise to the need to clarify the proper parties to bring this claim. Plaintiff's proposed amendment seeks to preserve additional state law causes of action, add new defendants, and to clarify allegations against the original Defendants. There has been no undue delay in seeking amendment and Plaintiff does not seek amendment in bad faith.

//
//

**A.  There exists no undue prejudice to the opposing parties.**

The potential for *some* prejudice does not suffice to deny leave to amend. *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (emphasis added). Prejudice to the opposing party must be substantial or unjustifiable and mere inconvenience is not grounds to deny a motion to amend. In fact, prejudice is "generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018).

Here, because this case is still in its early stages and currently stayed pending the final adjudication of the criminal action, no prejudice exists to any defendant or newly added defendant. There currently is no trial schedule and discovery has not yet commenced. The Plaintiff's right to preserve her wrongful death claim and to pursue her survival action outweighs any inconvenience to the defendants.

**B.  Plaintiff's amendment is not futile.**

A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978). However, the fact that a claim may be difficult to prove does not constitute grounds for refusal of leave to amend. *Outboard Marine Corp. v. Pezetel*, 535 F. Supp. 248, 11 (D. Del. 1982). The legal landscape of civil beneficiary claims under the TVPRA has evolved significantly since this case was initially filed.[2] Importantly, this case has been stayed for over two years.

Plaintiff's proposed amendment clarifies her allegations supporting a valid civil beneficiary claim in accordance with the rapidly developing discovery and body of law and adds a wrongful death claim that was not otherwise available during the initial filing of this case. Additionally, Plaintiff's proposed amendment seeks to preserve a negligence cause of action and adds additional defendants who were revealed through the criminal proceeding that were beneficiaries in violation of the TVPRA: the owners of the Fontaine Inn, Best Western Lanai Garden, Days Inn Sunnyvale, Clarion Inn, and

---

[2] On January 5, 2023, Congress once again expanded the scope of liability for civil beneficiary claims pursuant to Section 1595 of the TVPRA.

Super 8 Alameda where B.M. was trafficked for sex when she was a minor. Plaintiff's proposed amendment also includes the wholly owned subsidiaries and franchising arms of Defendant Wyndham Hotels & Resorts, Inc., including Wyndham Hotel Group, LLC, Super 8 Motels, Inc., and Days Inn Worldwide, Inc.

### C. Plaintiff's proposed amendment clarifies her TVPRA allegations, adds additional defendants to the lawsuit, and adds a claim for wrongful death.

In her proposed amendment, Plaintiff clarifies that, in her capacity as Personal Representative of the ESTATE OF B.M., she (1) clarifies her survival action for B.M.'s civil beneficiary claims under the TVPRA, (2) adds additional defendants, (3) brings a wrongful death claim against all defendants, (4) brings a negligence claim against all defendants, and (5) clarifies the TVPRA allegations against all defendants.

### D. There has been no undue delay in amending.

Generally, absent a showing of bad faith or undue prejudice, mere delay does not provide a basis for a district court to deny a proposed amendment. *Ramos v. O'Connell*, 169 F.R.D. 260, 37 Fed. R. Serv. 3d 215 (W.D. N.Y. 1996). Here, there has been no delay. Due to the case being stayed, this case is still in its early stages. No substantive discovery has taken place and no pretrial schedule has been issued. Plaintiff has not delayed in seeking an amendment and accordingly, no undue delay exists.

### E. Plaintiff does not seek amendment in bad faith.

Plaintiff's request to amend is not for the purpose of delay, nor to harass the opposing parties. A plaintiff is not dilatory in seeking to amend a complaint when no trial or pretrial dates have been scheduled and no significant activity beyond the pleading stage has occurred. *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, (W.D. Tex. 2014). Such is the case here. No pretrial dates have been scheduled and no significant activity beyond the pleading stage has occurred. Moreover, Plaintiff did not have all of the facts relevant to the proposed amendment at the time the original pleading was filed as B.M. unfortunately passed during the course of litigation and while her civil TVPRA case was stayed. Although this case is still stayed until final adjudication of the criminal case, Plaintiff's proposed amendment preserves Plaintiff's state law causes of action and clarifies her civil beneficiary claim under the TVPRA given the constant evolution of case law and amendments to the TVPRA.

## V.   CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court grant her leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15.

Dated this 26th day of June, 2023.

RESPECTFULLY SUBMITTED,

By: /s/ *Kathryn L. Avila*
Kathryn L. Avila, *pro hac vice*
Kimberly L. Adams, *pro hac vice*
LEVIN PAPANTONIO RAFFERTY
316 S. Baylen St. Ste. 600
Pensacola, Florida 32502
T: (850) 436-6246
F: (850) 436-6271
E: kadams@levinlaw.com /
kavila@levinlaw.com

Erik L. Bauer, *pro hac vice*
THE LAW OFFICE OF ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
T: 253-383-2000
F: 253-383-0154
E: erik@erikbauerlaw.com

Danielle Bianculli Pinter, *pro hac vice*
Benjamin Bull, *pro hac vice*
National Center on Sexual Exploitation
440 First Street, NW, Suite 840
Washington, D.C. 20001
E: dpinter@ncoselaw.org /
bbull@ncose.com
T: 352-266-7989
F: 202-393-1717

Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED this 26th day of June, 2023.     By:  /s/ Kathryn L. Avila
                                            Kathryn L. Avila (*pro hac vice*)