**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| J.M., as the Representative of the Estate of Decedent B.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WYNDHAM HOTELS & RESORTS, INC.,<br><br>　　　　　Defendant. | Case No.  20-cv-00656-BLF<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT; AND VACATING NOVEMBER 25, 2025 HEARING**<br><br>[Re:  ECF 160] |

　　　　The Court finds Plaintiff's unopposed motion for leave to amend the complaint to be suitable for decision without oral argument.  *See* Civ. L.R. 7-1(b).  The November 25, 2024 hearing is VACATED.  The motion for leave to amend is GRANTED as discussed below.

　　　　In January 2020, sex trafficking victim B.M. filed this action against several hotels under the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, on the theory that the defendant hotels knowingly benefitted from sex trafficking ventures operated in and out of their rooms.  *See* Compl., ECF 1.  Following motion practice, Plaintiff filed the operative first amended complaint in August 2020.  *See* FAC, ECF 82.  The Court thereafter stayed the case pending criminal prosecution of the alleged traffickers.  *See* Order Staying Case, ECF 99.  The deadline for amendment to pleadings was set as sixty days after the lifting of the stay.  *See* Case Management Order, ECF 106.  While the stay was in effect, B.M. died, and her mother, J.M., was substituted as Plaintiff.  *See* Order Granting Mot. for Subst. ECF 121.  The stay was lifted by the Court on October 13, 2023.  *See* Order Lifting Stay, ECF 131.

　　　　Plaintiff filed a motion for leave to amend the complaint on November 13, 2023, within the sixty-day period set in the scheduling order.  *See* Pl.'s Mot. for Leave, ECF 135.  The Court terminated that motion without prejudice based on Plaintiff's indication that she had reached settlement with some defendants and wished to refile her motion in order to seek leave to add

additional defendants and claims.  *See* Order Term. Pl.'s Motion, ECF 146.  Plaintiff filed the present motion on July 2, 2024, attaching a proposed second amended complaint that would add new defendants and new claims for negligence and wrongful death.  *See* Pl.'s Mot. for Leave, ECF 160.  Under those circumstances, the Court finds Plaintiff's current motion to be timely and in conformity with the scheduling order.  The Court therefore evaluates the motion under the liberal standard applicable under Federal Rule of Civil Procedure 15, rather than the good cause standard applicable under Federal Rule of Civil Procedure 16, which applies when a party seeks leave to amend after expiration of the deadline to do so.

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks and citation omitted).  Leave to amend should be granted absent a finding that leave is not warranted under the "*Foman* factors":  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court does not find any of the *Foman* factors to be present here.  The only defendant remaining in the case at this time, Wyndham Hotels & Resorts, Inc., has filed a statement of non-opposition to the proposed amendment.  *See* Def.'s Statement of Non-Opp., ECF 161.  Accordingly, under Rule 15's liberal standard, Plaintiff's motion for leave to amend is GRANTED.

**ORDER**

(1)  Plaintiff's motion for leave to amend is GRANTED.  Plaintiff SHALL file her second amended complaint by July 24, 2024.

(2)  The motion hearing previously set for November 25, 2024 is VACATED.

(3)  This order terminates ECF 161.

Dated: July 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2