UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.M. as Personal Representative of the ESTATE OF B.M., <br><br>  Plaintiff, <br><br>  v. <br><br> WYNDHAM HOTELS & RESORTS, INC., et al., <br><br>  Defendants. | Case No. 20-cv-00656-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM; AND VACATING MOTION HEARING SET FOR MARCH 20, 2025** <br><br> [Re: ECF 206] |

Sex trafficking victim B.M. brought this action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq*., alleging that Defendant hotel chains profited from sex trafficking conducted in rooms rented under their brands. *See* Compl., ECF 1. B.M. proceeded under a pseudonym (her initials) with leave of the Court until she passed away, at which time her mother substituted in as Plaintiff. *See* Orders, ECF 80 & 121. Substitute Plaintiff now moves for leave to proceed under a pseudonym as well, identifying herself in court filings as "J.M., as Personal Representative of the Estate of B.M." *See* Pl.'s Mot., ECF 206.

Four Defendants – Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Super 8 Worldwide, Inc., and Days Inn Worldwide, Inc. ("Franchisor Defendants") – state that they take no position on Plaintiff's use of a pseudonym in pretrial filings but that they object to Plaintiff's use of a pseudonym at trial. *See* Franchisor Defs.' Opp., ECF 209. Two Defendants – San Jose Inn Partnership and Sundowner Inn, LP – have not responded to Plaintiff's motion.

The Court finds Plaintiff's motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The hearing set for March 20, 2025 is VACATED. Plaintiff's motion is GRANTED without prejudice to Defendants' assertion of objections to Plaintiff's continued use of a pseudonym if and when the case goes to trial.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). However, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

Where a party seeks leave to proceed under a pseudonym because of a fear of retaliation, the district court should consider the following factors: (1) "the severity of the threatened harm"; (2) "the reasonableness of the anonymous party's fears"; and (3) "the anonymous party's vulnerability to such retaliation[.]" *Advanced Textile Corp.*, 214 F.3d at 1068 (citations omitted).

## II. DISCUSSION

Plaintiff seeks leave to proceed under a pseudonym to protect sensitive information regarding the sex trafficking of her daughter, B.M., and to protect herself against retaliation from the traffickers or persons associated with them. Plaintiff has filed a declaration stating that she believes the persons who trafficked B.M. were members of a gang; the traffickers terrified and physically harmed B.M.; and the traffickers threatened the lives of B.M. and her family. Decl. of J.M. ¶¶ 1-8, ECF 206-1. Plaintiff also states that when she attended the criminal trial of the traffickers, her car was vandalized in the parking lot. *See id.* ¶ 9. Plaintiff believes that persons involved in trafficking B.M. parked next to her and know what she looks like. *See id.* Plaintiff states that she wishes to use her initials as a pseudonym to protect her safety and privacy while litigating this case. *See id.* ¶ 14.

The Court finds that Plaintiff's desire to protect sensitive information about the sex trafficking of her deceased daughter, as well as her fear of retaliation, constitute adequate bases to grant her request for leave to proceed under a pseudonym. Disclosure of Plaintiff's name in connection with details about the victimization of her daughter could subject Plaintiff to ridicule or personal embarrassment. Moreover, Plaintiff has established a reasonable fear of physical harm

in light of the marks she observed on her daughter's body and the vandalism to her car, and she appears to be vulnerable to retaliation given her belief that the traffickers or their associates know what she looks like.

There is no prejudice to Defendants in allowing Plaintiff to use a pseudonym at this stage of the proceedings, as Defendants already know Plaintiff's identity. The Franchisor Defendants – the only defendants to respond to Plaintiff's motion – state that they take no position on Plaintiff's use of a pseudonym during pretrial proceedings. *See* Franchisor Defs.' Opp. at 2. Finally, it is the Court's view that the public's interest in the case can be satisfied without revealing Plaintiff's identity. The key allegations and arguments in the case will not be enhanced by knowledge of Plaintiff's name. Other district courts have allowed use of a pseudonym where "[t]here is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

While stating that they do not take a position on Plaintiff's motion, the Franchisor Defendants assert that Plaintiff's disclosure of her full name in some filings "weighs strongly, if not conclusively, against her belated request." Franchisor Defs.' Opp. at 3. The Ninth Circuit rejected a similar argument in *Advanced Textile Corp*., concluding that the prior disclosure of some plaintiffs' names did not refute evidence that they had a reasonable fear of retaliation, and that "whatever knowledge defendants have of plaintiffs' identities only lessens their claims to be prejudiced by the use of pseudonyms." *Advanced Textile Corp.*, 214 F.3d at 1069 n.11.

The Franchisor Defendants argue that even if Plaintiff is allowed to proceed under a pseudonym during pretrial proceedings, she should not be allowed to do so at trial. *See* Franchisor Defs.' Opp. at 4. It is unclear why a line is drawn between pretrial and trial proceedings. However, the Court must "determine the precise prejudice at each stage of the proceedings to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068. In the event this case goes to trial, Defendants may assert any objections to Plaintiff's continued use of a pseudonym.

In summary, the Court concludes that at this stage of the proceedings, Plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

**III.   ORDER**

    (1)   Plaintiff's motion to proceed under a pseudonym is GRANTED.

    (2)   Defendants may object to Plaintiff's continued use of a pseudonym if and when this case goes to trial.

    (3)   This order terminates ECF 206.

Dated:  February 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4