**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| J.M. as Personal Representative of the ESTATE OF B.M.,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., et al.,<br><br>Defendants. | Case No. 20-cv-00656-BLF<br><br>**ORDER GRANTING DEFENDANT SUNDOWNER INN, LP'S MOTION TO DENY PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT; AND TERMINATING PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT**<br><br>[Re: ECF 193, 211] |

On January 24, 2025, Defendant Sundowner Inn, LP ("Sundowner") filed a motion asking the Court to deny Plaintiff's pending request for a Clerk's entry of default against Sundowner. *See* Def. Sundowner's Mot., ECF 211. Plaintiff filed timely opposition on February 7, 2025, asking the Court to deny the requested relief and allow the Clerk to enter default against Sundowner. *See* Pl.'s Opp., ECF 215. Sundowner filed a reply on February 14, 2025. *See* Def. Sundowner's Reply, ECF 218. The Court finds Defendant Sundowner's motion to be suitable for decision without oral argument. The motion hearing set for May 8, 2025 is VACATED. *See* Civ. L.R. 7-1(b).

For the reasons discussed below, Defendant Sundowner's motion is GRANTED, and Plaintiff's pending request for entry of default against Defendant Sundowner is TERMINATED.

**I.  BACKGROUND**

This action was brought by B.M. (now deceased), a victim of sex trafficking who sued several hotel chains under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, alleging that they profited from sex trafficking conducted in rooms rented

1   under their brands. *See* Compl., ECF 1. Upon B.M.'s death, her mother J.M. substituted in as
2   Plaintiff. *See* Order, ECF 121.
3         Plaintiff J.M. thereafter filed the operative second amended complaint ("SAC"), which for
4   the first time named Sundowner as a defendant. *See* SAC, ECF 164. The SAC alleges that
5   Sundowner does business as the Days Inn Sunnyvale, located in Sunnyvale, California. *See* SAC
6   ¶¶ 28. The SAC further alleges that B.M. was trafficked at the Days Inn Sunnyvale in 2014 and
7   2015, when she was a minor. *See id.* ¶ 145. On August 8, 2024, Plaintiff J.M. filed proof of
8   service of process on Sundowner. *See* POS, ECF 178. Sundowner did not timely respond to the
9   SAC, and on November 12, 2024, Plaintiff filed a request for a Clerk's entry of default against
10  Sundowner. *See* Pl.'s Request, ECF 193. That request is pending.
11        Chandrakant K. Shah, who is both an officer of Sundowner's general partner and
12  Sundowner's registered agent for service of process, has submitted a declaration explaining that
13  Sundowner's failure to respond to the SAC was due to his error in tendering the defense to the
14  wrong insurer. *See* Shaw Decl., ¶¶ 1, 10, ECF 211-1. Sundowner tendered the SAC to Admiral
15  Insurance Group ("Admiral"), which insured Sundowner for the period October 31, 2023 to
16  October 31, 2024, rather than to Farmers Insurance Exchange ("Farmers"), which insured
17  Sundowner for the period November 27, 2013 to November 27, 2016. *See id*. ¶¶ 5-6, 10. Mr.
18  Shaw realized the mistake upon receipt of a coverage denial from Admiral dated October 24,
19  2024, advising that the conduct alleged in the SAC did not fall within the policy period. *See id.*
20  Mr. Shaw then tendered the SAC to Farmers, which agreed to provide Sundowner with a defense.
21  *See id.* ¶ 7.
22        On December 5, 2024, Farmers retained the law firm Macdonald & Cody, LLP to defend
23  Sundowner in this action. *See* Coronel Decl. ¶ 6, ECF 211-2. Attorney Kenneth H. Coronel
24  provides a declaration stating that he was assigned to the case shortly thereafter and began
25  working with Mr. Shah to draft an answer to the SAC. *See id*. Within two weeks, Mr. Coronel
26  contacted both Plaintiff's counsel and the mediator assigned to the case to advise that Sundowner
27  had obtained representation and wished to file and answer and participate in the mediation and the
28  litigation. *See id.* ¶¶ 7-9. Mr. Coronel inquired whether Plaintiff would withdraw its pending

1 request for entry of a Clerk's default, but Plaintiff declined to do so. *See id.* ¶ 8.

2 On January 24, 2024, Mr. Coronel filed the present motion on behalf of Sundowner, asking the Court to deny the request for entry of default. *See* Def. Sundowner's Mot. Sundowner does not dispute that it was served with process in August 2024. *See id.* It asks the Court to find good cause to excuse that failure, and either deny Plaintiff's request for entry of default or set aside any default that may have been entered by the Clerk. *See id.* Plaintiff filed timely opposition on February 7, 2025. *See* Pl.'s Opp. Sundowner filed a reply on February 14, 2025. *See* Def. Sundowner's Reply.

## II. LEGAL STANDARD

Although the Clerk has not yet acted on Plaintiff's request for entry of default, it appears that Plaintiff would be entitled to entry of default given Sundowner's concession that it was served with process and failed to appear. Sundowner then would be entitled to file a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55, which provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Sundowner has framed its motion as seeking relief under the Rule 55 good cause standard, and Plaintiff has briefed its opposition under that standard.

In similar circumstances, other district courts in this circuit have applied Rule 55's good cause standard to determine whether any default ultimately would be set aside, and thus whether default should be entered at all. *See, e.g., Hankerson v. Nationwide Cap. Servs.*, No. 2:21-CV-1229 JCM (BNW), 2022 WL 1432441, at *1 (D. Nev. Apr. 11, 2022) ("To preserve judicial resources and ensure that this matter proceeds on its merits, the court considers whether any entry of default would ultimately be set aside."). This Court finds that approach to be sensible, particularly as the parties have applied the Rule 55 good cause standard in briefing the motion. The Court thus evaluates Sundowner's motion under the Rule 55 good cause standard.

To determine whether good cause exists to set aside entry of default under Rule 55(c), a district court must consider three factors: (1) the party seeking to set aside the default "engaged in culpable conduct that led to the default"; (2) whether the party seeking to set aside the default has "no meritorious defense"; and (3) whether setting aside the entry of default "would prejudice the

3

other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks, alterations, and citation omitted). This standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (internal quotation marks and citation omitted).

**III. DISCUSSION**

Applying the relevant three-factor test, Sundowner argues that good cause exists to deny entry of default. Plaintiff argues that application of the three-factor test demonstrates that good cause for relief does not exist. The Court addresses each factor in turn.

**A. Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks and citation omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*. (internal quotation marks and citation omitted). "We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. (internal quotation marks, brackets, and citation omitted).

Sundowner has submitted evidence that its delay in answering was caused by an error on the part of Mr. Shah, who is an officer of Sundowner's general partner and Sundowner's registered agent for service of process. Mr. Shah explains the circumstances of his mistaken tender of the SAC to Admiral (Sundowner's then-current insurer) rather than Farmers (Sundowner's insurer during the relevant period of 2014 and 2015). As soon as Mr. Shaw became aware of the error, he tendered the SAC to Farmers, which appointed counsel to provide Sundowner with a defense. Counsel quickly contacted Mr. Shaw, began drafting and answer, and

4

notified Plaintiff of Sundowner's representation and desire to participate in the litigation. On this record, there is no indication that Sundowner acted with bad faith to take advantage of Plaintiff, interfere with this Court's decisions, or manipulate the legal process.

Plaintiff argues that "Sundowner is a legally sophisticated entity" and therefore should be deemed culpable solely because it had notice of the lawsuit and failed to respond, regardless of whether the failure to respond was "intentional" under the bad faith standard set forth in *Mesle*. Pl.'s Opp. at 8. The Ninth Circuit has made clear that the standard argued by Plaintiff "is not the ordinary standard for Rule 55(c)" motions, but may be appropriate for "sophisticated parties." *Mesle*, 615 F.3d at 1093. Plaintiff has not presented any evidence to show that Sundowner is a "sophisticated party," and as discussed above Sundowner was not represented by counsel during the period in which it failed to respond to the SAC. The fact that Sundowner is a business entity does not necessarily render it a sophisticated party for purposes of a Rule 55(c) analysis. *See Vistancia Dev. LLC v. DBD*, LLC, No. 22-16024, 2023 WL 7411533, at *1 (9th Cir. Nov. 9, 2023) (applying the ordinary *Mesle* bad faith standard to a limited liability company based on district court's finding that it was not a sophisticated party). Accordingly, the Court finds it appropriate to apply the bad faith standard described in *Mesle*.

Under *Mesle*'s bad faith standard, and on this record, the Court finds that Sundowner did not engage in culpable conduct.

**B.    Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden "is not extraordinarily heavy," and has been described by the Ninth Circuit as "minimal" in nature. *Id*. The defendant need only "allege sufficient facts that, if true, would constitute a defense[.]" *Id*.

The SAC asserts claims for (1) violation of the TVPRA; (2) negligence; and (3) wrongful death. *See* SAC ¶¶ 178-203. As to Sundowner, all three claims are premised on Plaintiff's allegations that Sundowner knew or should have known that sex trafficking was being conducted at the Days Inn Sunnyvale. *See id.* ¶¶ 145-160, 180, 191-92, 199-200. Sundowner's counsel, Mr. Coronel, states in his declaration as follows:

5

> I am informed and believe given the facts known to me to date that SUNDOWNER has a meritorious defense to Plaintiff's claims asserted in the SAC, that SUNDOWNER employees and/or principal(s) did not know, nor should they have known given the circumstances, that the conduct complained of was occurring on site. Facts anticipated to support this contention are being investigated.

Coronel Decl. ¶ 10. Sundowner indicates that it is prepared to file a verified answer within seven days if the Court grants its motion. *See* Def. Sundowner's Mot. at 10.

The Court understands Sundowner to be alleging that (1) its employees and principals had no knowledge of sex trafficking at the Days Inn Sunnyvale[1] and (2) its employees and principals were not aware of any circumstances that should have alerted them to sex trafficking at the Days Inn Sunnyvale. Those facts, if proved, would constitute a defense to the claims asserted in the SAC.

Plaintiff asserts that the statement of Sundowner's counsel is too vague and conclusory to satisfy Sundowner's burden, citing to dozen cases in support of that assertion. Most of the cited cases address motions for relief from default judgment under Federal Rule of Civil Procedure 60(b) rather than motions for relief from entry of default under Rule 55(c). "[W]hile the same 'good cause' test applies to motions seeking relief from entry of default under Rule 55(c) and default judgment under Rule 60(b), the test is more liberally applied in the Rule 55(c) context . . . because . . . there is no interest in the finality of the judgment with which to contend." *Dist. Council 16 N. California Health & Welfare Tr. Fund v. Shugart Glass of Texas, Inc.*, No. 20-CV-05656-KAW, 2021 WL 2020597, at *1 (N.D. Cal. May 20, 2021) (internal quotation marks and citation omitted, ellipses in original); *see also Roadguard Interlock LLC v. Sound Distributions Inc.*, No. C24-0742JLR, 2024 WL 4545003, at *3 (W.D. Wash. Oct. 22, 2024) ("This discretion is 'more liberally applied' where, as here, a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b)."). Accordingly, the Court finds cases denying relief from default judgment to be of limited utility here, where the more

---

[1] Defendant Sundowner Inn, L.P. is alleged to do business as the Days Inn Sunnyvale, and B.M. is alleged to have been trafficked at the Days Inn Sunnyvale. *See* SAC ¶¶ 28, 145. Accordingly, when Mr. Shah and Mr. Coronel assert no knowledge of trafficking at the "Sundowner Inn," the Court understands them to be referring to trafficking at the Days Inn Sunnyvale. *See, e.g.,* Shah Suppl. Dec. ¶¶ 4-5, ECF 218-2.

liberal Rule 55(c) standard governs. The Court likewise finds cases addressing neither relief from entry of default nor relief from default judgment to be inapplicable, and therefore has not considered cases of that type.

Turning to the cases cited by Plaintiff that address motions for relief from entry of judgment under Rule 55(c), the Court finds that they are factually distinguishable from the present case. For example, in one case the district court denied relief from entry of default after observing that the defendant "summarily asserts that he 'denies all of the allegations of Plaintiff's complaint and contends that [he has] a meritorious defense. . . .'" *NWL, Inc. v. Brokerage Concepts, Inc.*, No. CV 16-2637, 2017 WL 5515955, at *1 (E.D. Pa. Feb. 15, 2017). Similarly, in another case the district court denied relief from entry of default where the defendant did not present "any facts which might constitute a defense," but merely asserted that "it does not believe there to be any merit to the claims being made." *Chrome Hearts, LLC v. Boutique Talulah*, No. 2:12-CV-00280-MMD, 2012 WL 4510692, at *3 (D. Nev. Sept. 28, 2012). Here, Sundowner does not merely deny "the allegations of the complaint" but asserts that as a factual matter its employees and principals did not know and had no reason to know that sex trafficking was occurring on the premises.

The Court finds the allegations of a meritorious defense offered by Sundowner with its moving papers to be sufficient. However, Sundowner offers additional facts and allegations with its reply. In a supplemental declaration, Mr. Shah describes training that he and the front desk manager completed regarding sex trafficking; states that other employees have been trained as well; states that police patrol the property once or twice nightly for trafficking or other unlawful activity; and states that Sundowner "makes every effort to dissuade and prevent prostitution" and describes employees' efforts to deter prostitution. Shah Suppl. Decl. ¶¶ 3-9, ECF 218-2.

While Sundowner's allegations are sparse, the Court finds them sufficient to assert a plausible defense to the claims of the SAC. Sundowner need not prove its defense to be true at this stage. *See Mesle*, 615 F.3d at 1094 ("[T]he question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation.") (internal quotation marks and citation

7

omitted). The Court finds that Sundowner has alleged facts showing the existence of an affirmative defense in a manner sufficient to satisfy this factor of the test for good cause under Rule 55(c).

### C. Prejudice

The Court must consider whether granting Sundowner's motion for relief would prejudice Plaintiff. "[N]o prejudice exists where setting aside default would merely delay resolution of the case, force the plaintiff to litigate its claims on the merits, or result in litigation costs." *Viewsonic Corp. v. Electrograph Sys., Inc.*, No. CV 09–04093 SJO (JCx), 2009 WL 10672513, at *3 (C.D. Cal. Sept. 30, 2009). "Broadly, the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id*. (internal quotation marks and citation omitted).

Plaintiff contends that "Allowing Sundowner to answer Plaintiff's SAC now . . . will cause prejudice to Plaintiff because an additional pleading will introduce new issues to this case and cause increased difficulties in discovery." Pl.'s Opp. at 10. However, trial in this case is set for September 2026, more than a year and a half from now. *See* Case Management Order, ECF 192. The pleadings are not yet settled and no fact or expert discovery cut-offs have been set. Mr. Coronel was participated in a two-hour mediation conducted in this case on February 12, 2025, along with a representative from Farmers. Under those circumstances, the Court finds that Plaintiff's ability to litigate her claims will not be hindered by allowing Sundowner to file and answer and mount a defense.

### D. Conclusion

After considering the three factor test for good cause under Rule 55(c), the Court in the exercise of its discretion will grant Defendant Sundowner's motion for relief and will terminate Plaintiff's pending request for clerk's entry of default. While it does appear that Mr. Shaw, acting on behalf of Sundowner, was careless in tendering the SAC to the wrong insurer after being served, "[s]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092.

In a separate order, the Court has granted a motion to dismiss the SAC with leave to

amend.  Thus, instead of directing Sundowner to respond to the SAC as it proposes, the Court will direct Sundowner to file a response to the third amended complaint within fourteen days after it is filed.

**IV. ORDER**

(1) Defendant Sundowner's motion to deny Plaintiff's pending request for entry of default is GRANTED;

(2) Plaintiff's request for entry of default against Defendant Sundowner is TERMINATED;

(3) Defendant Sundowner SHALL file a response to the third amended complaint within fourteen days after it is filed; and

(4) This order terminates ECF 193 and 211.

Dated:  February 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge